**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 08-1545-PHX-SMM (ECV) |
| Plaintiff, | No. CR 07-0647-PHX-SMM |
| v. | **ORDER** |
| Israel Flores-Vasquez, | |
| Defendant/Movant. | |

Movant Israel Flores-Vasquez, who is confined in the California City Correctional Center in California City, California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc.# 5.)[1] The Court will summarily dismiss the motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) as enhanced by § 1326(b)(2). The plea agreement provided for a sentencing range of 10 to 125 months. On November 27, 2007, the Court sentenced Movant to a 27-month term of imprisonment followed by three years on supervised release.

Movant seeks a reduction of his sentence. He argues that his sentence poses an extraordinary hardship on him and his family. He also argues that his Fifth and Fourteenth

---

[1] "Doc.#" refers to the docket number of filings in the civil case. "Crim. Doc.#" refers to the docket number of filings in the criminal case.

1 Amendment equal protection rights are being violated because as a deportable alien, he is
2 ineligible for a one-year sentence reduction for attending a drug treatment program during
3 incarceration and for early release to a half-way house.

4 **II.     Summary Dismissal**

5 A district court must summarily dismiss a § 2255 application "[i]f it plainly appears
6 from the motion, any attached exhibits, and the record of prior proceedings that the moving
7 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the
8 United States District Courts. When this standard is satisfied, neither a hearing nor a
9 response from the government is required. See Marrow v. United States, 772 F.2d 525, 526
10 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). In this case,
11 the record shows that summary dismissal under Rule 4(b) is warranted because Movant has
12 waived the right to bring a § 2255 motion.[2]

13 **III.    Waiver**

14 Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals
15 has found that there are "strict standards for waiver of constitutional rights." United States
16 v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume
17 waiver from a silent record, and the Court must indulge every reasonable presumption
18 against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d
19 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and
20 unequivocal.

21 Plea agreements are contractual in nature, and their plain language will generally be
22 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
23 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a
24 § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431,
25 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only
26 claims that cannot be waived are claims that the waiver itself was involuntary or that

---

28 [2] In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

- 2 -

ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant providing the sentence is consistent with this agreement. **Defendant further waives:** (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case**.

(Crim. Doc.# 29 at 4-5) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 6-7, 8.)

Movant's assertions in his § 2255 motion all pertain to sentencing and not to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion. Accordingly,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc.# 5 in CV08-1545-PHX-SMM (ECV)) is **denied** and that the civil

1 action opened in connection with this Motion (CV 08-1545-PHX-SMM (ECV)) is **dismissed**
2 **with prejudice**.  The Clerk of Court will enter judgment accordingly.
3     DATED this 29th day of September, 2008.

_____
Stephen M. McNamee
United States District Judge